| | |
|---|---|
| **LARRY L. HATTER,** | |
| **Plaintiff,** | **1:18-cv-00041** |
| **v.** | |
| **GUARDIAN INSURANCE COMPANY,** | |
| **Defendant.** | |
| _____ | |

**TO:**    Kye Walker, Esq.
        Maria Tankenson Hodge, Esq.

## ORDER DENYING DEFENDANT'S MOTION TO COMPEL

THIS MATTER is before the Court upon Defendant's Motion to Compel Plaintiff to

Appoint a Competent and Disinterested Appraiser to Participate in the Court-Ordered

Appraisal of His Claims (ECF No. 27). [1] Plaintiff filed a response in opposition to the said

motion, and Defendant filed a reply thereto.

Defendant seeks to disqualify Plaintiff's selected insurance appraiser claiming this

appraiser is the same person who acted as Plaintiff's public adjuster on Plaintiff's original

claim and that Plaintiff's agreement with the appraiser's employer—which requires

Plaintiff to pay the employer five percent of the amount recovered—makes the appraiser

conflicted and affects his ability to perform a valid appraisal. Def's Mot. at 1-3; Rep. at 3

(ECF No. 33).

---

[1] The Court notes that Defendant filed no supporting brief with its motion. Local Rule of Civil Procedure 7.1(c) states that "[m]otions, responses, and replies shall be accompanied by a brief which shall contain a concise statement of reasons and citation of authorities." The Court cautions counsel that future motions not filed in compliance with the Local Rules may not be considered.

Plaintiff opposes the said motion upon the grounds that the insurance contract states only that "each party will choose a *competent* appraiser," that Defendant could have included an impartiality requirement if it wanted to do so, and that this appraiser is neither biased nor incompetent. Opp'n at 1-8 (ECF No. 31) (emphasis in original).

DISCUSSION

The Court determines that Christopher Scarlett—Plaintiff's selected appraiser—can serve as an appraiser under the parties' contract and other applicable law. The Court sees no requirement that an appraiser in this process must be both competent and disinterested and will not impose such a requirement.

Plaintiff retained Phoenix Claims Consulting on February 17, 2018, for purposes of adjusting his insurance claim against Defendant. *See* Def's Mot., Ex. 4. The agreement allows for Christopher Scarlett—the managing member of the company—to appraise Plaintiff's claim and requires that Plaintiff pay the company five percent of the amount recovered by settlement from mediation, arbitration, appraisal and other avenues of conflict. Scarlett served as the public adjuster on Plaintiff's claim, and, on January 24, 2019, Plaintiff notified Defendant that it would also be using Scarlett as his appraiser. Def's Mot., Ex. 2.

The language of the appraisal provision in the parties' insurance contract states as follows:

> [i]f you and we fail to agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will choose a competent appraiser within 20 days after receiving a written request from the other.

The two appraisers will choose an umpire. If they cannot agree on an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the Described Location is located. The appraisers will separately set the amount of loss. If the appraisers will separately set the amount of loss. If the appraisers submit a written report of agreement to us, the amount agreed upon will be the amount of the loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will set the amount of loss.

 Each party will:
a.  Pay its own appraiser; and
b.  bear the other expenses of the appraisal and umpire equally.

Insurance Policy at 7, Conditions at para. 8 (a copy of which is attached to the Complaint as

Attachment #4 (Exhibit 2) (ECF No. 1-4)).

The term "disinterested" or anything like it is simply not part of the contract, and the

Court is reluctant to find any ambiguity in the insurance appraisal clause. A plain reading of

the contract makes clear that it provides for the selection only of a competent appraiser,

nothing more. To the extent any ambiguity might exist, the Court must acknowledge that

Defendant drafted the agreement, and contractual language must be construed in favor of

the party who did not draft it. *Coakley Bay Condo. Ass'n v. Cont'l Ins. Co.*, 770 F. Supp. 1046,

1051 (1991) (citing *Buntin v. Cont'l Ins. Co.*, 583 F.2d 1201, 1207 (3d Cir. 1978) (applying

Virgin Islands law)). If Defendant wanted a requirement that the appraisers had to be both

competent *and disinterested*, it was required to so state in the written contract it prepared

Though the contract language itself provides Defendant no relief, Defendant makes

two central arguments in support of its motion: 1) that Virgin Islands law requires that

appraisers must be "disinterested" in the outcome of an appraisal, and 2) that Scarlett's

contingency fee arrangement with Plaintiff violates that requirement or otherwise makes

Scarlett incompetent to handle the claim.

Defendant argues that the Virgin Islands Code requires appraisers to be both

competent and disinterested, even in the absence of policy language requiring appraisers to

have both attributes.  Rep. at 2.  Specifically, Defendant relies on the Code's mandate that

"[t]he business of insurance is one affected by the public interest, requiring that all persons

be actuated by good faith, abstain from deception, and practice honesty and equity in all

insurance matters."  V.I. Code Ann. tit. 22, § 2.   Defendant believes that the good faith

requirement found in this directive means that an insurance appraiser cannot have a

personal financial stake in a claim.  Rep. at 2.  The Court declines to read the Code so broadly.

Defendant has cited no authority—and the Court could find none—to indicate that this

section of the Code could be read in such a way as to impose that kind of requirement, or

how—even if it did so—Scarlett's contingency fee agreement would be in violation of that

obligation.  Moreover, the Virgin Islands Code specifically defines public adjusters as persons

who might receive commissions for their work:

> (3) "Public adjuster" means a person, who for money, *commission*, or any
> other thing of value, prepares, completes, or files an insurance claim form for
> an insured in negotiating for or effecting the settlement of a claim or claims
> for loss or damage covered by an insurance contract or who advertises for
> employment as an adjuster of such claims.

V.I. Code Ann. tit. 31, § 751(a)(3) (emphasis added).

Though there is no Virgin Islands case law on this exact issue, courts in other

jurisdictions have found that contingency fee agreements are not improper when insurance

policies do not explicitly call for a "disinterested" appraiser. For example, in *Hozlock v. Donegal Cos.*, 745 A.2d 1261, 1265 (Pa. Super. Ct. 2000), a Pennsylvania court held that "the mere existence of a contingency fee agreement does not, in and of itself, render an otherwise 'competent' appraiser unfit." While the court there declined to state whether the addition of "disinterested" into the policy would have changed the result, it was instructive in explaining that "in most cases, an appraiser will have at least some bias toward his appointing party," and, as a result, the nature of the fee-structure should not be outcome-determinative when considering whether the appraiser is biased. *See also Heller v. Heller*, 636 A.2d 599, 605 (N.J. Super. Ct. 1993) (noting that "an appraiser chosen by a party 'is supposed and expected, in a restricted sense, to represent the party appointing him and within reasonable limits to see to it that no legitimate consideration favorable to the party so appointing him is overlooked by the other appraiser'" (quoting in part *Am. Cent. Ins. Co. v. Landau*, 49 A.738 (N.J. Ch. 1901)); *White v. State Farm Fire & Cas. Co.*, 809 N.W.2d 637, 639 (2011); *Cf. Cent. Life Ins. Co. v. Aetna Cas. & Sur. Co.*, 466 N.W.2d 257, 261 (Iowa 1991) (recognizing that party-appointed appraisers act "as advocates for their respective selecting parties.")

Defendant slightly shifts gears in its Reply Brief, and thought it stops short of calling Scarlett "incompetent," it suggests that his previous involvement in the claim as adjuster should render him unfit to serve as appraiser.[2]  Rep. at 2.  Again, Defendant offers no legal

---

[2] The Court cannot tell if Defendant is simply conflating the competency and disinterested requirements or if it might be suggesting that someone who is not disinterested must also necessarily be not competent. *Compare* Def's Mot. At 2-3 ("Accordingly, an order to appoint an appraiser who is competent *and* who does not have a personal stake in the outcome of the proceedings is now required") (emphasis added) with Rep. at 4 (Appointment of a conflicted candidate to serve as appraiser, where the appraiser would share directly in the

authority to support this position. To the extent that Defendant argues that Scarlett's previous service as the adjuster undermines his competence to serve as appraiser, the Court rejects that notion. Competence and disinterestedness are different concepts, and an appraiser who might be partial can still be competent. *See, e.g., Hozlock*, 745 A.2d at 1265. This Court has also adopted a very narrow view of the "competence" requirement, finding that it means only "[a] basic or minimal ability to do something" and that specialized experience or knowledge is not necessary. *Guardian Gen. Ins. Ltd., v. Caribbean Food Servs., Inc.*, Case No. ST-15-CV-253, 2016 V.I. LEXIS 215, *26-27 (D.V.I. 2016) (quoting Black's Law Dictionary 322 (9th ed. 2009)). Here, Scarlett is a certified professional insurance appraiser with more than 10 years of experience in public adjusting and authorization to perform public adjusting in the Virgin Islands. Pl's Opp. at 4. Accordingly, the Court finds him to be competent.

Further, most courts that have addressed this precise issue have found that an appraiser can be unbiased even if the appraiser was also the party's adjuster in the same matter. *See, e.g., Prien Props., LLC v. Allstate Ins. Co.*, Case No. 07-CV-845, 2008 U.S. Dist. LEXIS 30157 (W.D. La.) ("an appraiser may be disinterested even if the appraiser was also that party's adjuster in the same matter, so long as there is no evidence in the record to indicate improper motives"); *Auto-Owners Ins. Co. v. Allied Adjusters & Appraisers, Inc.*, 605 N.W.2d 685, 689 (1999) ("appraisers are not disqualified from their appointments on the basis of

---

award and in proportion to his ability to magnify or inflate the claim, *does undermine the appraiser's competence* to return an accurate and reliable award.") (emphasis added).

having previously served as adjusters").[3]  The record before the Court does not evidence an

nefarious relationship between Scarlett and Plaintiff, and it would be improper to simply

assume that the appraisal process will not be carried out with integrity.

      Based upon the foregoing, it is now hereby **ORDERED** that Defendant's Motion to

Compel Plaintiff to Appoint a Competent and Disinterested Appraiser to Participate in the

Court-Ordered Appraisal of His Claims (ECF No. 27) is **DENIED**.


                       ENTER:


Dated: April 5, 2019                   /s/ George W. Cannon, Jr.
                                  GEORGE W. CANNON, JR.
                                  MAGISTRATE JUDGE