|                                              |                    |
|----------------------------------------------|--------------------|
| **DISTRICT COURT OF THE VIRGIN ISLANDS**     |                    |
| **DIVISION OF ST. CROIX**                    |                    |

LARRY L. HATTER,

                Plaintiff,                  1:18-cv-00041

     v.

GUARDIAN INSURANCE COMPANY,

                Defendant.

_____

TO:    Lee J. Rohn, Esq.
          Maria Tankenson Hodge, Esq.

## ORDER

THIS MATTER is before the Court upon Defendant's Motion to Appoint Umpire to Participate in Appraisal (ECF No. 54). Plaintiff filed a response in opposition to the said motion, and Defendant filed a reply thereto.

Defendant asks the Court appoint an impartial umpire to participate in the appraisal process, and, to that end, invokes a provision of the parties' insurance contract that permits either party to ask the Court to make such appointment if the parties' appraisers cannot agree to an umpire within 15 days of either appraiser proposing potential umpires. Def.'s Mot. at 3-5 (ECF No. 55). In its Motion, Defendant proposes that the Court appoint Ray Pawlak, a licensed insurance adjuster, to perform that role. *Id.* at 3-4. Defendant opposes the appointment of Pawlak but agrees to have the Court appoint Hank Smock, who was on the list of Defendant's initially proposed umpires. Opp'n at 1-2 (ECF No. 61). Because the parties have agreed to have Mr. Smock serve as the umpire, the Court will appoint him to that role.

DISCUSSION

The language of the appraisal provision in the parties' insurance contract states as follows:

> [i]f you and we fail to agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will choose a competent appraiser within 20 days after receiving a written request from the other. The two appraisers will choose an umpire. **If they cannot agree on an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the Described Location is located**. The appraisers will separately set the amount of loss. If the appraisers will separately set the amount of loss. If the appraisers submit a written report of agreement to us, the amount agreed upon will be the amount of the loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will set the amount of loss.

Insurance Policy at 7, Conditions at para. 8 (a copy of which is attached to the Complaint as Attachment #4 (Exhibit 2) (ECF No. 1-4)) (emphasis added).

On January 11, 2019, the Court ordered Plaintiff to participate in the appraisal process as required under the subject policy of insurance (ECF No. 26). On April 5, 2019, after the parties selected appraisers, the Court denied Defendant's motion to disqualify Plaintiff's selected appraiser, concluding that he was qualified to serve (ECF No. 34). Defendant alleges that its appraiser contacted Plaintiff's appraiser to attempt to schedule inspection of the subject property and to agree on appointment of an umpire and that when Plaintiff's appraiser did not respond to telephone messages, Defendant's appraiser followed with an email on April 29, 2019, proposing the names of several persons to serve as umpire. Def.'s Mot. at 2, Ex. 1 (ECF No. 55). Defendant further alleges that Plaintiff's appraiser failed to agree to a date and time for inspection of the subject property or to

agree on an umpire and refutes Plaintiff's explanation that a change in counsel justified a refusal to cooperate. *Id.* at 3. Defendant argues that on May 14, 2019, it became entitled to request that this Court step in and appoint an umpire, because the appraisal clause expressly provides a Judge of a Court of record in the state where the property is located can make that decision. *Id.* In the immediate Motion, Defendant proposed that the Court appoint Ray Pawlak as the umpire. *Id.* at 3-4.

After Defendant filed the Motion, Plaintiff's appraiser sent an email to Defendant's appraiser agreeing to select Hank Smock as the umpire, citing the fact that Smock was on Defendant's initial list of candidates to serve as umpire. Opp'n, Ex. 1 (ECF No. 61). In its Reply Brief, Defendant agreed to the appointment of Smock, stating that "the plaintiff's appraiser's belated consent to the appointment of Hank Smock to serve as umpire should be accepted solely for purposes of that designation," but that Plaintiff should compensate Defendant for the costs incurred in bringing the Motion. Def.'s Reply at 4 (ECF No. 62).

This process could have undoubtedly been more efficient, but the Court will not at this time delve into the arguments made by the parties addressing the reasons for Plaintiff's appraiser's delay in agreeing to an umpire. Though it seems to have required a motion by Defendant to bring Plaintiff to the table on this issue, the parties have nevertheless agreed on an umpire, and the Court sees no reason to interfere with that arrangement. *See, e.g., Herndon v. Am. Family Home Ins. Co.*, 2009 U.S. Dist. LEXIS 23170, at *7 (D. Az. Mar. 23, 2009) (appointing umpire that parties agreed to, despite disagreement

as to other proposed umpires). The Court will thus appoint Hank Smock as the umpire, assuming he agrees to the appointment.

In the briefing after the Motion, the parties ask for the Court to lay out some of the ground rules for the appraisal process, but those arguments must be raised in subsequent motions and are not under consideration by the Court at this time. Additionally, to the extent that Defendant's Reply Brief introduces a new motion requesting that the Court award Defendant the costs incurred in bringing the initial Motion, the Court denies it without prejudice. Defendant can file a separate motion to address this issue so that Plaintiff can have an opportunity to respond. *See, e.g., Viatech Tech. Inc. v. Microsoft Corp.*, 2017 U.S. Dist. LEXIS 89596, *20-21, 2017 WL 2538570 (D. Del. June 12, 2017) (quoting *Novosteel SA v. United States*, 284 F.3d 1261, 1273-74 (Fed. Cir. 2002)) ("Raising the issue for the first time in a reply brief does not suffice; reply briefs reply to arguments made in the response brief—they do not provide the moving party with a new opportunity to present yet another issue for the court's consideration.").

WHEREFORE, it is now hereby **ORDERED**;

1. That Defendant's Motion to Appoint Umpire to Participate in Appraisal (ECF No. 54) is **GRANTED in part** and **DENIED in part.**
2. That Defendant's Motion to appoint Ray Pawlak as umpire is **DENIED**.
3. That the parties have both agreed to Henry Smock, Esq., as an umpire.
4. That Henry Smock, Esq., is **APPOINTED** as the umpire.

5. That Defendant's Motion for costs incurred in bringing the Motion (ECF No. 62) is **DENIED without prejudice**.

ENTER:

Dated: June 20, 2019 /s/ George W. Cannon, Jr.
GEORGE W. CANNON, JR.
MAGISTRATE JUDGE